UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL DINOFFRIA,

        Petitioner,

v.                                        Case Number: 08-CV-11639
                                         Honorable Stephen J. Murphy, III

KENNETH MCKEE,

        Respondent.
_____/

**OPINION AND ORDER**
**(1) GRANTING RESPONDENT'S MOTION TO DISMISS THEREBY DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND (2) DECLINING TO ISSUE PETITIONER A CERTIFICATE OF APPEALABILITY AND AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

Petitioner Michael Dinoffria, a state inmate currently incarcerated at the Michigan Reformatory in Ionia, Michigan,[1] has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. (Dkt. # 1.) Respondent did not file an answer but rather, on October 15, 2008, filed a motion to dismiss, arguing that Petitioner's petition was not timely filed under 28 U.S.C. § 2244(d)(1). (Dkt. # 10.) Petitioner had forty-five days from Respondent's filing, or until December 1, 2008, in which to file a response to Respondent's motion. The Court, *sua sponte*, extended Petitioner's time for a response by approximately two weeks. To date, Petitioner has not filed a response to Respondent's motion.

For the reasons stated below, the Court grants Respondent's motion to dismiss, thereby dismissing Petitioner's petition. The Court also declines to issue Petitioner a

---

[1] At the time that he filed his petition for writ of habeas corpus, Petitioner was incarcerated at the Bellamy Creek Correctional Facility in Ionia, Michigan.

certificate of appealability and an application for leave to proceed on appeal *in forma pauperis*.

## PROCEDURAL BACKGROUND

On August 13, 1993, Petitioner was convicted by a Wayne County, Michigan, Circuit Court jury of (1) first-degree premeditated murder, MICH. COMP. LAWS § 750.316, (2) arson, MICH. COMP. LAWS § 750.73, and, (3) felony firearm, MICH. COMP. LAWS § 750.227(2). Petitioner was sentenced to (1) life imprisonment without the possibility of parole for the first-degree-murder conviction, (2) five-to-ten years' imprisonment for the arson conviction, and (3) the mandatory two years' imprisonment for the felony-firearm conviction.

Subsequently, Petitioner, through counsel, filed an appeal as of right with the Michigan Court of Appeals, raising an insufficient evidence claim. The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. Dinoffria*, No. 170547 (Mich. Ct. App. July 18, 1995) (unpublished). Thereafter, Petitioner filed a delayed application for leave to appeal from that decision with the Michigan Supreme Court, raising the same claim as raised in the court of appeals. The Michigan Supreme Court denied Petitioner's application on June 11, 1996. *People v. Dinoffria*, 451 Mich. 922, 550 N.W.2d 536 (1996).

Then, nine years later, in 2005, Petitioner filed a motion for relief from judgment, pursuant to M.C.R. 6.500 *et. seq.*, in the circuit court, alleging a violation of his right to a speedy trial. On August 29, 2005, the circuit court issued an opinion and order denying Petitioner's motion, concluding that Petitioner had failed to show actual prejudice such that there was a reasonable likelihood of acquittal. *People v. Dinoffria*, No. 91-01173-02 (Wayne County Circuit Court, Aug. 29, 2005) (unpublished).

Subsequently, Petitioner filed an application for leave to appeal that decision with the Michigan Court of Appeals. The court of appeals denied the application on March 30, 2007. *People v. Dinoffria*, No. 272266 (Mich. Ct. App. Mar. 30, 2007) (unpublished). Petitioner then filed an application for leave to appeal *that* decision, and on September 21, 2007, the Michigan Supreme Court denied the application "because the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)." *People v. Dinoffria*, 480 Mich. 886, 738 N.W.2d 236 (2007).

On April 17, 2008, Petitioner filed a petition for a writ of habeas corpus in this Court, raising the following claims: (1) ineffective assistance of appellate counsel, and (2) violation of his constitutional right to a speedy trial.

**ANALYSIS**

I.  Legal Standard

In his motion to dismiss, Respondent argues that Dinoffria's petition should be dismissed as untimely. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas-corpus petitions. 28 U.S.C. § 2244(d)(1). Petitioner's application for habeas-corpus relief was filed after April 24, 1996, and thus, the provisions of the AEDPA, including the limitations period for filing an application for habeas-corpus relief, apply to Petitioner's application. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997).

Title 28 of the United States Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas

>corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
>>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. §§ 2244(d)(1)(A)-(D).  In cases where a direct appeal is taken from a state court conviction, the one-year statute of limitations does not begin to run under § 2244(d)(1)(A) until the day after the petition for a writ of certiorari was due in the United States Supreme Court.  *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000).  Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment."

Under § 2244(d)(2), the limitations period is tolled during the time in which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.  A post-conviction relief petition is "properly filed" under the statute if it meets the applicable state rules governing filing.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  However, such tolling is effective only when collateral review is properly sought within the limitations period.  *Id.*

When a defendant files a petition for state post-conviction relief, the one-year statute

of limitations is tolled during the time between the state appellate court's decision and the state supreme court's decision concerning the petition. *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003). However, a properly filed application for state post-conviction relief, while tolling the statute of limitations, does not start a new limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

II.  Timeliness of Dinoffria's Petition

In this case, Petitioner did not file his application for a writ of habeas corpus within the statute of limitations. His application for leave to appeal to the Michigan Supreme Court was denied on June 11, 1996. Petitioner then had ninety days from that order, or until September 11, 1996, in which to seek a writ of certiorari with the United States Supreme Court. SUP.CT.R. 13. Thus, for statute of limitations purposes, Petitioner's convictions became final on or about September 11, 1996. The limitations period commenced the following day, September 12, 1996, and continued to run uninterrupted until it expired on September 11, 1997. Accordingly, Petitioner was required to file his habeas petition on or before September 11, 1997, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244 (d)(2).

In 2005, Petitioner did file a post-conviction motion in state court, seeking relief from judgment. But this was eight years after the limitations period for his habeas relief had already expired. While post-conviction review tolls the statute of limitations under 28 U.S.C. § 2244(d)(2), it does not start a new limitations period. *Vroman*, 346 F.3d at 602. Here, since the statue of limitations had already expired when Petitioner sought post-

conviction review, there was no time left to toll.

In sum, petitioner filed his habeas petition with this court on April 17, 2008, almost eleven years after the expiration of the one-year statute of limitations. Consequently, Petitioner is barred from habeas relief by the untimely filing of his petition.

II. Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus, or the court may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying this habeas petition, the Court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate that a plain procedural bar is present requiring the dismissal of Petitioner's petition, and no certificate of appealability is therefore warranted. Nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*. *See* Fed. R. App. P. 24(a).

### IV.  CONCLUSION

Accordingly, IT IS ORDERED that Respondent's "Motion to Dismiss for the Failure to Comply with the One-Year Statute of Limitations" [dkt. # 10] is GRANTED, and Petitioner's "Petition for Writ of Habeas Corpus" [dkt. # 1] is DISMISSED with prejudice.

IT IS FURTHER ORDERED that the Court DECLINES to issue Petitioner a certificate of appealability and an application for leave to appeal *in forma pauperis*.


s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated:  January 27, 2009

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 27, 2009, by electronic and/or ordinary mail.

s/Alissa Greer
Case Manager